# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DOMINIC F. LOBELLO,

> Plaintiff,

v.

DELAWARE & HUDSON RAILWAY CO.

> Defendant.

Case No. 3:09-CV-0548

(Judge Kosik)

FILED
SCRANTON

MAY 2 4 2010

PER _____

DEPUTY CLERK

## MEMORANDUM

On March 25, 2009, Plaintiff Dominic F. Lobello ("Lobello") filed his Complaint (Doc. 1) against Defendant Delaware & Hudson Railway Company, d/b/a CP Rail System ("D&H"). We have subject matter jurisdiction over this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 ("FELA"). D&H's Motion for Summary Judgment (the "Motion") (Doc. 14) is fully briefed and ripe for adjudication. For the reasons that follow, we will deny the Motion and schedule a pre-trial conference forthwith.

### BACKGROUND

In his Complaint, Lobello alleges that he sustained injuries on June 12, 2008, when he "trip[ped] and f[e]ll, twist[ing] his back and injur[ing] his hip while attempting to detrain from a moving freight car" while working as a trainman for D&H. (Doc. 1 at 2.) Lobello alleges that D&H's failure to provide him with a reasonably safe workplace violated FELA and caused his injuries. (Id. at 2.) The parties agree that D&H is a common carrier by railroad engaged in interstate commerce within the meaning of FELA. (Id. at 1; Doc. 3 at 1.)

D&H filed its Answer to the Complaint on May 12, 2009, denying knowledge of the majority of Lobello's allegations and raising a number of affirmative defenses. (Doc. 3.)

1

Following discovery, D&H filed its Motion. (Doc. 14.) In its Brief in Support of the Motion (the "Support Brief") (Doc. 15), D&H argues that Lobello was properly trained and experienced in getting on and off moving equipment, that the freight car involved in the accident had no defect, and that because Lobello controlled the speed of the car, any excessive speed was due to Lobello's negligence alone.

On April 19, 2010, Lobello filed two documents: a Brief in Opposition to D&H's Motion (the "Opposition Brief") (Doc. 25), and a document entitled "Plaintiff's Answer to Defendant's Statement of Material Facts" ("Lobello's Answer") (Doc. 24). Lobello's Answer includes a copy of the Opposing Brief and attempts to respond to the statements D&H makes in its Motion. (Id.) In his Answer, Lobello asserts that the freight car involved in his injury was moving faster than permitted under D&H's safety rules. (Id. at 9.) Lobello alleges that the freight car was moving at a "good jogging speed" when he disembarked, rather than at a safe disembarking speed. (Id. at 9–10.)

Similarly, in the Opposing Brief, Lobello alleges that he was not properly trained, that the freight car was moving too quickly to safely disembark or to form a safe coupling with another freight car, and that D&H, by and through its other employees, was negligent in permitting these unsafe conditions to exist. (Doc. 25 at 6–9.) As a result, Lobello alleges that D&H was negligent with regard to his training and the safety of his work environment. (Id. at 6–9.) Additionally, Lobello argues that D&H's Motion violates our local rules because it was not "accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. Local R. Civ. P. 56.1. (Doc. 24 at 13.)

On May 3, 2010, D&H filed its Reply Brief, which reiterates D&H's prior arguments and states that Lobello's assertions do not raise a genuine issue of material fact regarding either the sufficiency of his training or the speed the train was moving at the time Lobello was injured. (Doc. 27.)

## STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. at 250. The court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." Hugh, 418 F.3d at 267 (citing Anderson, 477 U.S. at 521).

Neither unsworn statements of counsel in memoranda submitted to the court nor unsupported conclusory allegations in the pleadings will dispute a material fact. See Fed. R. Civ.

3

P. 56(e); Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990). Rather, the non-moving party must file a short and concise statement of the material facts to respond to the numbered paragraphs of the moving party's statement, as to which it contends that a genuine issue to be tried exists. M.D. Pa. Local R. Civ. P. 56.1. This statement must not rely on mere allegations or denials and should set out specific facts showing a genuine issue for trial that are supported by evidence. See Fed. R. Civ. P. 56(e)(2); Local R. Civ. P. 56.1.

If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322.

## DISCUSSION

At issue is whether the parties' disputes regarding Lobello's training and the speed of the freight car raise genuine issues of material fact—that is, issues of fact that would affect the outcome of the case under the governing substantive law. We find that the evidence, sparse though it is, is sufficient to draw into question material, dispositive facts, making this case inappropriate for summary judgment.

FELA enshrines in statute a railroad's common law duty to furnish its employees with a safe work environment. See Atchison, Topeka and Santa Fe Ry. Co. v. Buell, 490 U.S. 557, 558 (1987) (citing Bailey v. Central Vermont Ry. Co., 319 U.S. 350, 352–53 (1943) for the proposition that a railroad has a common law duty of care towards employees). As such, it is "a

broad remedial statute," Buell, 480 U.S. at 561 (citing Urie v. Thompson, 337 U.S. 163, 180

(1949)), which provides, in pertinent part, that:

> Every common carrier by railroad while engaging in commerce between any
> of the several States . . . shall be liable in damages to any person suffering
> injury while he is employed by such carrier in such commerce . . . for such
> injury . . . resulting in whole or in part from the negligence of any of the
> officers, agents, or employees of such carrier, or by reason of any defect or
> insufficiency, due to its negligence, in its cars, engines, appliances,
> machinery, track, roadbed, works, boats, wharves, or other equipment, 45
> U.S.C. § 51.

Covered carriers may not attempt to limit their liability through contract or by regulation,

and claims brought under FELA are immune from many traditional defenses to tort liability.

Buell, 480 U.S. at 561. With respect to causation, for example, "we have held that 'the test of a

jury case' under the statute is 'simply whether the proofs justify with reason the conclusion that

employer negligence played any part, even the slightest, in producing the injury . . . for which

damages are sought." Id. at 562 n.8. FELA is not "a workers' compensation statute," nor does it

"make the employer the insurer of the safety of his employees while they are on duty. The basis

of his liability is his negligence, not the fact that injuries occur." Consol. Rail Corp. v. Gottshall,

512 U.S. 532, 543 (1994) (quoting Ellis v. Union Pac. R.R. Co., 329 U.S. 649, 653 (1947)).

In order to sustain a claim of negligence, a plaintiff must show: "a legal duty, a breach of that

duty, a causal relationship between the defendant's negligence and plaintiff's injuries, and

damages." City of Phila. v. Beretta U.S.A. Corp., 277 F.3d 415, 422 (3d Cir. 2002) (citing

Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998)).

In the present case, the parties agree that D&H has a duty to provide a reasonably safe

work environment for its employees. Parties disagree, however, as to whether that duty was

breached and, if so, whether that breach caused Lobello's injuries. Specifically, D&H contends

that it fulfilled its duty of care by properly training Lobello and that any negligence in failing to

5

slow the freight car to a safe speed, if it was indeed moving too quickly, was Lobello's alone. In contrast, Lobello challenges both the appropriateness of his training and the level of care D&H exercised in regulating safe train speeds at the time he was injured. Either party's account, if true, would fundamentally affect the outcome in this case. Moreover, both FELA and the standard of review for summary judgment require that we view the facts in the light most favorable to Lobello. Therefore, despite being presented with sparse evidence of negligence, we find that summary judgment is inappropriate at this juncture. Consequently, we will deny D&H's Motion and will schedule a pre-trial conference forthwith.

An appropriate order follows.